By the Court,

Nelson, Ch. J.
The revised statutes expressly provided that the warrant might be directed to and served by any marshal or constable. (1 R. S. 315, § 13 et seq.) But the amendment of the militia act in 1835 repealed in express terms the authority thus conferred upon the marshal, thereby confining the duty to a constable. (Sess. L. of 1835, p. 352, § 28.) The same section also provided that the sureties thereafter given by any constable should be liable to the president of the court for all such moneys as the constable might." become liable to pay on account of the warrant.
The whole amendment shows clearly enough that the legislature intended to take from the marshal the power to execute the warrant, and confine the duty to a constable, who doubtless was regarded as the more responsible officer. The statute passed in 1842, (Sess. L. of 1842, p. 292,) confirming the acts of Benjamin Sherman, who had assumed upon himself to execute these warrants as marshal, is declaratory of this view of the amendments of 1835.
The only doubt existing in the present case arises out of the provision in 1 R. S. 311, § 34, which is as follows : “The marshals so appointed may not only perform the usual duties of. such marshals, but may also execute all process lawfully issued by such president, and .perform all acts and duties in this chapter, imposed on and authorized to be performed by any sheriff, marshal or constable.”. This was not expressly modified by the act of 1835, and the plaintiff in error therefore contends that it still remains'in full force. But a second construction of the *53 two acts taken together, requires us, I think, to regard the provision relied on as virtually modified hy the subsequent amendment. I am satisfied they cannot be reconciled by any natural or consistent interpretation, and I concur in the view taken of the question by the court below!
Judgment affirmed.